UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE UDUKOBRAYE PELA,<br><br>Petitioner,<br><br>v.<br><br>JOHN KATAVICH,<br><br>Respondent. | No. 2:13-cv-2141 JAM KJN P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

I. <u>Introduction</u>

Petitioner is a state prisoner, proceeding through counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 22, 2014, petitioner was ordered to show cause why respondent's motion to dismiss should not be granted. On February 20, 2014, petitioner filed a response to the order to show cause and an opposition to the motion. Good cause appearing, the order to show cause is discharged. The court now turns to the fully briefed motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. <u>Legal Standards</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." <u>Id.</u> The Court of Appeals for the Ninth

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On June 9, 2009, in the Sacramento County Superior Court, petitioner was convicted of eleven counts of robbery. (Respondent's Lodged Document ("LD") 1.) The jury also found that petitioner personally used a firearm during the commission of each robbery. Petitioner was sentenced to state prison for a determinate term of 46 years and eight months. (LD 1-2.)

2. Petitioner filed an appeal. The California Court of Appeal, Third Appellate District, modified the restitution fines, but otherwise affirmed petitioner's conviction on February 3, 2011. (LD 2.)

3. Through counsel, petitioner filed a petition for review in the California Supreme Court on March 15, 2011, which was denied without comment on April 13, 2011. (LD 3-4.)

4. On April 30, 2012, petitioner, through counsel, filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 5.) The Court of Appeal denied the petition without comment on May 10, 2012. (LD 6.)

5. Through counsel, on May 21, 2012, petitioner filed a petition for review of petition for writ of habeas corpus in the California Supreme Court. (LD 7.) On July 18, 2012, the California Supreme Court denied the petition without comment. (LD 8.)

6. On October 16, 2013, petitioner, through counsel, filed the instant federal petition. (ECF No. 1.)

IV. Statutory Tolling

The California Supreme Court denied the petition for review on April 13, 2011. Petitioner's conviction became final ninety days later, on July 12, 2011, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on July 13, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on July 13, 2012.

The time during which a "properly filed" application for state post-conviction or collateral review (including California habeas proceedings) is pending does not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (limitations period tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Tolling does not include the interval between the date on which

the conviction became final and the date on which the first state collateral challenge was filed because no case was "pending" during that period.  See Lawrence v. Florida, 549 U.S. 327, 330 (2007); Porter, 620 F.3d at 958 ( "The period between when direct review becomes final and the filing of a state habeas petition is not tolled[.]").  However, tolling is appropriate for the intervals between a state court's entry of judgment and the timely filing of a new petition in the next court, so long as petitioner did not delay "unreasonably" in seeking review.  See Carey v. Saffold, 536 U.S. 214, 219-20, 225 (2002).

As set forth above, the limitations period began running on July 13, 2011.  Petitioner did not file his first state court collateral challenge until April 30, 2012.  By April 30, 2012, 292 days of the limitation period had elapsed, and petitioner had 72 days left to file his federal petition.  Respondent does not contend that petitioner's two state petitions were improperly filed.  Thus, petitioner is entitled to statutory tolling from April 30, 2012, until July 18, 2012, the date his second state petition was denied by the California Supreme Court.  The limitations period began to run again on July 19, 2012, and expired 73 days later, on September 30, 2012.  Because September 30, 2012 fell on a Sunday, the federal petition was due on Monday, October 1, 2012.

Petitioner did not file his federal petition until October 16, 2013, 380 days after the statute of limitations period expired.

V. Possible Later Start Date

Petitioner argues, without authority, that equity should afford petitioner one year after exhausting this issue in state court to raise his claim in federal court.  Respondent counters that petitioner's request for a later start date of the limitations period "runs afoul of the precise language in the statute of limitations regarding when the limitations period should commence.  28 U.S.C. § 2244(d)(1)(A)."  (ECF No. 18 at 3.)  The court agrees with respondent, and is bound to follow the statutory provision as to the start date for the limitations period.  28 U.S.C. § 2244(d)(1)(A).  Petitioner failed to demonstrate that he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(B) - (D).

////

////

VI. Equitable Tolling

Petitioner does not dispute that he did not file his federal petition within the limitations period. (ECF No. 16 at 3.) Rather, petitioner contends that "through no fault of his own," petitioner was deprived of raising his meritorious claim because appointed counsel failed to raise the claim on appeal. Petitioner alleges that he "had no ability to control what his appointed attorney raised," and that his "objections to the appointed attorney failing to file that issue went ignored." (ECF No. 16 at 4.) Petitioner contends there was little he could do because he was in prison. (Id.)

Respondent argues that petitioner failed to show that (a) petitioner's need to exhaust his claim through the state collateral review process is an extraordinary circumstance, or (b) petitioner diligently pursued his federal claim in state court.

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418; accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner appears to lay blame on appellate counsel for failing to raise his federal claim in the direct appeal. In Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003), the Ninth Circuit held that although "ordinary attorney negligence will not justify equitable tolling, we have

acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." Id. at 800 (citing Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003) ("there are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate")). Nevertheless, even if attorney negligence is sufficiently egregious as to amount to an extraordinary circumstance, petitioner must still demonstrate that he exercised reasonable diligence in pursuing his remedies. Spitsyn, 345 F.3d at 802.

Thus, even assuming appellate counsel's failure to raise petitioner's federal claim was an extraordinary circumstance, petitioner failed to demonstrate reasonable diligence. Petitioner concedes that he was aware that appellate counsel failed to raise the claim because petitioner objected that counsel did not raise the issue. Petitioner alleges no facts explaining what actions he was taking during the 292 days that elapsed from the California Supreme Court's denial of the petition for review and the filing of his first state court collateral challenge. Petitioner reasonably pursued his state court remedies once he filed his collateral challenge in state court on April 30, 2012, by filing in the California Supreme Court shortly after the May 10, 2012 denial by the Court of Appeals. But he inexplicably waited 455 days from the July 18, 2012 denial by the California Supreme Court before filing the instant petition. Such lengthy gaps in filing cannot be construed as diligence on the part of petitioner.

Moreover, being in prison is not the type of "extraordinary circumstance" that warrants equitable tolling. See Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001) ("[H]abeas relief, by definition, is almost always sought by an incarcerated petitioner, and we decline to find that this circumstance is so extraordinary as to warrant the application of [equitable tolling]."); Morales v. Yates, 2009 WL 1505551, at *5 (C.D. Cal. May 26, 2009) ("[I]mprisonment is not an extraordinary circumstance requiring equitable tolling.").

Petitioner has not offered any additional argument or evidence to show that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his

////

1  petition, much less any information sufficient to overcome AEDPA's "very high" threshold.

2  Spitsyn, 345 F.3d at 799.  Thus, equitable tolling is not warranted.

3      Because petitioner is not entitled to equitable tolling, the undersigned recommends that

4  respondent's motion to dismiss this action as barred by the statute of limitations be granted.

5  VII.  Conclusion

6      Accordingly, IT IS HEREBY ORDERED that the January 22, 2014 order to show cause

7  (ECF No. 15) is discharged; and

8      IT IS RECOMMENDED that:

9      1.  Respondent's motion to dismiss (ECF No. 12) be granted; and

10      2.  This action be dismissed.

11      These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

16  he shall also address whether a certificate of appealability should issue and, if so, why and as to

17  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

18  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

19  § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

20  service of the objections.  The parties are advised that failure to file objections within the

21  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

22  F.2d 1153 (9th Cir. 1991).

23  Dated:  March 12, 2014

25  /pela2141.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7